UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

NOV 2 3 2009

Clerk of Court

| | | | |
|---|---|---|---|
| In Re: | SUMMIT QUALITY HEALTH SERVICES, INC. | § § § | Case No. 99-39452-H3-7 |
| | Debtor(s). | § | |

## APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS AND CERTIICATE OF SERVICE

1. I am making application to receive **$394.48**, which was deposited as unclaimed funds on behalf of **ADRIENNE A. CASIMIRE**.

2. Applicant is entitled to receive the requested funds, has made sufficient inquiry and has no knowledge that any other party may be entitled to, and is not aware of any dispute regarding the funds at issue based upon the following:

   ☐ a. Applicant is the creditor/debtor names in paragraph 1, and the owner of the funds appearing on the records of this Court, as evidenced by the attached documents.

   ☒ b. Applicant is the attorney in fact for the creditor/debtor named in paragraph 1, with authority to receive such funds, or who is authorized by the attached original Power of Attorney to file this application ob behalf of the creditor/debtor.

   ☐ c. Applicant is the assignee or successor-in-interest of the creditor/debtor named in paragraph 1, or the representative of the assignee or successor-in-interest, as evidenced by the attached documents establishing chain of ownership and/or assignment.

   ☐ d. Applicant is the representative of the estate of the deceased creditor/debtor named in paragraph 1, as evidenced by the attached certified copies of death certificate and other appropriate probate documents substantiating applicant's right to act on behalf of the decedent's estate.

   ☐ f. None of the above apply. As evidenced by the attached documents, applicant is entitled to these unclaimed funds because:

   _____
   _____
   _____

3. I understand that pursuant to 18 U.S.C. § 152, I could be fined no more than $5,000.00, or imprisoned not more than five years, or both, if I have knowingly and fraudulently made any false statements in this document or accompanying supporting documents. I further understand that any indications of fraud detected by the Court will be turned over to the U.S. Attorney for possible prosecution.

4. I declare under penalty or perjury under the laws of the United States of America that the foregoing statements and information are true and correct.

Dated: **11/18/09**

Applicant's Signature: *[signature]*
Applicant's Name: John Werner
Address: P.O. Box 26005
Beaumont, TX 77720-6005
Phone: (409)838-1000

SWORN TO AND SUBSCRIBED TO BEOFRE ME, the undersigned authority on this **18th** day of **November**, 2009, to certify which witness my hand and seal of this office.

*[signature: Crystal Threadgill]*
Notary Public in and for
The State of Texas

*[Notary seal: CRYSTAL THREADGILL, Notary Public, State of Texas, My Commission Expires September 22, 2010]*

My Commission Expires: 9/22/10

Attachments:
1. Contract
2. Copy of original settlement check
3. _____
4. _____

## Certificate of Service

I certify that on this **18th** day of **November**, 2009, a true and correct copy of this application for payment of unclaimed funds was served by first class United States Mail on the following:

U.S. Attorney
P.O. Box 61129
Houston, TX 77208

U.S. Trustee
515 Risk Avenue, Suite 3516
Houston, TX 77002

Christopher S. Smith



BUSH,
LEWIS
&
ROEBUCK,
P.C.

*Attorneys at Law*

W. Don Bush
Kenneth W. Lewis
Thomas P. Roebuck, Jr.
Brett S. Thomas

Christopher S. Smith

September 1, 1999

John Werner
Reaud, Morgan & Quinn, Inc.
801 Laurel
Beaumont, TX 77701

Re:   *Marianne Snyder, et al v Comtech Consolidation Group, Inc., et al;*
      No. B-161,349, 60th District Court, Jefferson County, Texas

Dear John:

As we discussed earlier this morning, I have signed up two class members in the above lawsuit. I am providing you with the supporting documentation for each one of these clients and their respective claims.

### JOSE "Jove" P. LIMJOCO

Mr. Limjoco is a physical therapist who contracted with both Superior and Summit to provide physical therapy services to patients. Each contract stated that the home health agency would pay him $40 per patient visit for therapy services. As of the date of this letter, Jove had completed approximately 286 visits which when multiplied by $40.00 per visit, equals $11,440.00. I have attached copies of the invoices which document the first 267 visits. Jove will soon provide me with supporting documentation supporting 19 more visits. Mr. Limjoco sent a notice letter on his own on August 10, 1999, giving Summit Quality Home Health, Winfred Fields and Chuck Roberts ten days before taking legal action. That time has passed. I am also enclosing a copy of that letter which was sent certified mail, a copy of all invoices documenting the 267 visits, copies of both contracts, and various memos sent to Jove by the company.

Since Jove has a written contract with Superior and Summit I feel you may need to add a claim for breach of contract in your petition to cover all workers who should have been paid pursuant to a written contract such as Jove. In addition to the invoices I have enclosed, Jove has provided me with the supporting documentation for each and every PT visit made part of this claim. If you would like these documents, please let me know as they are quite numerous.

### ADRIENNE A. CASIMIRE

Ms. Casimire was apparently a regular employee with Summit/Superior/Comtech. She was employed for $5.75 per hour as a medical records file clerk. Ms. Casimire used to work for Home

F:\CIP\PLIM9165.004

John Werner                                Page 2                                September 1, 1999

Care Plus which was bought out by Superior. She has filed for unemployment but hopes to get employment through Classic Home Health in the near future. Ms. Casimire did not receive a pay check on August 6, 1999, or on August 20, 1999. She has worked for the company since December, 1998, but quit on August 17, 1999, because she had not been paid. The company owes her approximately $850.00. Also, Ms. Casimire lost her health insurance due to the fact that she would no longer pay her premiums because of Summit/Superior/Comtech. Ms. Casimire explained that a person named Montagne owned Superior after a Mr. Dickerson was fired in June, 1999. I am enclosing a copy of a paycheck stub from June 25, 1999, which reflects the amount that Ms. Casimire was being paid by Superior. Ms. Casimire was promised a paycheck on August 16, 1999, and on August 26, 1999 by her employer, but she was never paid.

At this time these are the only two clients I have signed up. If I am able to sign up any more class members, I will refer them to you per our agreement.

Please let me know if you need any additional information or any help in this matter.

Thank you for your cooperation.

Yours very truly,

Christopher S. Smith

CSS:lr
Encls.

Received this the _____ day of September, 1999.

REAUD, MORGAN & QUINN, INC.

By:_____

# CONTINGENT GROSS FEE CONTRACT BETWEEN CLIENT AND ATTORNEYS IN AN INJURY AND/OR DEATH CASE

## SECTION I: PARTIES

This agreement is made on the __16th__ day of __August__, 19__99__, between __Adrienne Casimire__ whose address is __1539 Sabine Ave.__ __Pt. Arthur TX 77642__,

(referred to as "client" in this contract, whether really one or more clients) and the law firm of **BUSH, LEWIS & ROEBUCK, P.C.** (sometimes referred to as "attorneys" in this contract), whose address is 1240 Orleans, Beaumont, Jefferson County, Texas 77701, and whose telephone number is (409)835-3521.

## SECTION II: EMPLOYMENT

Client retains these attorneys to perform legal services made necessary by damages suffered from __failure to receive wages__ which occurred on or about __August 6__, 19__99__, at __Beaumont, TX__

The attorneys, their partners, associates, and staff, are retained, appointed, and employed as attorneys and fully authorized to prosecute, negotiate, and collect, by lawsuit, judgment, compromise, or settlement, any claims client may have as a result of said damages. Said attorneys are employed to use their professional judgment and skills in handling this matter, including parties against which to make claims. Possible parties at this time appear to include: __Superior Quality Home Health and Summit Quality Home Health__.

## SECTION III: ATTORNEYS' AUTHORITY

Attorneys, their agents and employees, are authorized to take all steps they deem necessary and appropriate to obtain a satisfactory result, including but not limited to securing a complete investigation, instituting legal proceedings, employing consultants, expert witnesses, and associate counsel, entering into settlement negotiations, preparing settlement brochures, preparing for and/or PROCEEDING TO TRIAL and/or DISCONTINUING LITIGATION.

Attorneys agree not to settle or compromise the case without the client's approval of the terms and form of the settlement and the client agrees to cease all communications with

all other parties regarding the subject matter of this claim and further agrees not to enter into any settlement negotiations or agreements regarding such claims or matters which could impact on such claims, without the knowledge and written consent of the attorneys.

## SECTION IV: GROSS CONTINGENT ATTORNEY'S FEE

The attorneys' fees or payment shall be CONTINGENT ON WHAT IS RECOVERED in this matter by way of settlement, judgment or otherwise, to be calculated as follows:

a. 33⅓ % of all sums recovered if the case is settled before suit is filed.

b. 33⅓ % of all sums recovered if the case is settled after suit is filed.

c. 40 % of all sums recovered if the case is brought to a close after an appeal bond is posted or appeal is otherwise perfected.

THIS IS A GROSS FEE CONTRACT ON THE TOTAL SUM RECOVERED. THE LAW DOES NOT SET ANY SPECIFIC CONTINGENT FEE PERCENTAGE. OTHER ATTORNEYS MAY CHARGE A <u>HIGHER OR LOWER</u> CONTINGENCY FEE FOR THE SAME SERVICES.

## SECTION V: NO RETAINER OR HOURLY FEE

Your attorneys are agreeing to represent you on a contingent fee basis and are not requiring a retainer or down payment and are not requiring hourly fees for the time expended on your case. Likewise, the attorneys are not requiring you to pay litigation expenses as they are incurred. Clients have the option of employing the attorney by paying a retainer, hourly fees, and litigation expenses rather than a contingent fee.

## SECTION VI: ALL EXPENSES DEDUCTED FROM CLIENT'S SHARE

IN ADDITION TO THE ABOVE FEES, client shall pay to attorneys, OUT OF THE CLIENT'S SHARE OF THE RECOVERY, all court costs and expenses advanced by the attorneys in connection with this matter. The attorneys are authorized to incur such expense as they in their sole and exclusive judgment deem reasonable and necessary to accomplish a satisfactory resolution of the claim and are authorized to advance such expenses on behalf of client. Said expenses shall include, but not be limited to investigation, travel and lodging, physician and/or expert witness fees, consultant fees, settlement and trial exhibits, models, diagrams, photography, copies, equipment expenses, and video tape.

## SECTION VII: INTEREST ON EXPENSES

The funds necessary for payment of expenses advanced by the attorneys in connection with this matter will be borrowed from the attorneys' bank at the best commercial rate attorneys can negotiate and the interest on all such loans for expenses will be part of the costs and expenses the client shall pay to the attorneys out of the client's share of the recovery.

## SECTION VIII: NO RECOVERY, NO FEE

If at the final disposition of the case nothing is recovered on behalf of the client, the client will not owe the attorneys a fee.

## SECTION IX: EXECUTION OF DOCUMENTS AND DISBURSEMENT OF RECOVERY

At the final disposition of the case, the client agrees promptly to execute such settlement documents as are recommended by the attorneys and properly and promptly to endorse any settlement drafts or checks, and the attorneys shall disburse to the client the client's share of the recovery after deducting their fee as described in Section III, after deducting all expenses as defined in Section IV, and after deducting all debts incurred by the Client remaining unpaid as defined in Section XII.

## SECTION X: STRUCTURED SETTLEMENT

In the event that a structured settlement is negotiated, the client approves and authorizes the attorneys' fee to be based upon the present market value or cost of such structured settlement. The PRESENT MARKET VALUE shall be determined by the attorney through an independent economic analysis. The attorney retains the sole right to take the attorneys' fee in the case at the time of settlement or in deferred payments, regardless of the manner in which the client's recovery is paid.

## SECTION XI: ATTORNEYS' LIEN

THE CLIENT HEREBY GRANTS THE ATTORNEYS A LIEN ON THIS CAUSE OF ACTION, and a lien on any proceeds and any judgments recovered in connection with the cause of action as security for the payment of attorneys' fees and expenses as contracted for herein. Client understands that the attorney has began work on this case based on the assignment of a contingent fee on any recovery and a lien on any proceeds to protect that fee. Solely because of this assignment and lien, the attorney has not required a cash fee or retainer from client and if the attorney is discharged without cause, the attorney will still enforce this legal interest against any recovery.

## SECTION XII: MEDICAL AND OTHER CLIENT DEBTS

Client acknowledges and agrees that, regardless of the outcome of this case, the attorneys do not assume liability for nor agree to pay from the attorneys' fee any debts incurred by the client including, but not limited to, expenses incurred for medical care, nursing, special aids and transportation, as well as any medical insurance and/or workers' compensation subrogations and/or hospital liens arising as a result of the incident giving rise to the claim. Client acknowledges and understands that, to the extent any of the foregoing claims, debts, or expenses are not paid or assumed by the defendants as part of the terms of the final disposition of this case, these debts and expenses shall remain the client's sole responsibility. Client does grant to the attorneys the right and power to deduct from any recovery and pay over all expenses of a medical nature (e.g., physicians, hospitals, ambulances, prosthetics, etc.) direct to the provider.

## SECTION XIII: ATTORNEY WITHDRAWAL

Client and attorney hereby covenant and agree that if during the course of investigating, preparing, handling, or prosecuting this claim the attorneys make a good faith determination that further action is untenable or a successful conclusion is not possible, the attorneys shall have the right to withdraw from the case by returning to the client's last known address all file materials to the client without claim or charge for any expenses incurred or services rendered, along with a letter of explanation of the reason for withdrawal.

IF THE CLIENT ENGAGES IN CONDUCT WHICH RENDERS IT UNREASONABLY DIFFICULT FOR THE ATTORNEYS TO CARRY OUT THE EMPLOYMENT EFFECTIVELY, THE ATTORNEYS SHALL ALSO HAVE THE RIGHT TO WITHDRAW. SHOULD SUCH WITHDRAWAL BECOME NECESSARY, ATTORNEYS MUST PROMPTLY NOTIFY CLIENT OF THE WITHDRAWAL AND REASON FOR WITHDRAWAL BY MAIL AT CLIENT'S LAST KNOWN ADDRESS. Attorneys additionally agree to fully comply with TRCP 10 if withdrawal occurs during litigation. IN THE EVENT OF SUCH A WITHDRAWAL BECAUSE OF CLIENT BEHAVIOR, THE ATTORNEYS WILL RETAIN A LIEN ON THE CASE TO THE EXTENT OF THE EXPENSES AND COSTS WHICH HAVE BEEN ADVANCED ON THE CLIENT'S BEHALF. THE CLIENT AGREES TO PROTECT SUCH EXPENSES AND COSTS OUT OF ANY RECOVERY ULTIMATELY OBTAINED IN THE CASE.

## SECTION XIV: REFERRAL/ASSOCIATING OF ADDITIONAL COUNSEL

Client agrees that associate counsel may be employed at the discretion and expense of the attorneys, and that any attorney so employed may be designated to appear on client's behalf or undertake representation of client in this matter. Client further agrees that any such additional attorney, whether designated associate counsel, lead counsel, or referral attorney shall be authorized to pay to attorneys employed by this contract such portion of the total attorneys' fees to which the attorneys agree. Furthermore, if this case was referred to BUSH, LEWIS & ROEBUCK, P.C. by other attorneys, BUSH, LEWIS & ROEBUCK, P.C. are authorized to pay such referral fees to the originating attorneys as they may mutually agree so long as client's total attorneys' fees do not increase.

## SECTION XV: TAX ADVICE

The attorneys make no representations or guarantees regarding the tax consequences of any recovery obtained on behalf of the client and advise client to SEEK CLIENT'S OWN TAX ADVICE FROM A QUALIFIED TAX ADVISOR.

## SECTION XVI: TEXAS CONTRACT LAW APPLIES

This contract is entered into ___Jefferson___ County, Texas, which shall also be the place of performance and payment in accordance with the terms of the contract. Furthermore, this contract contains all the agreements of the parties.

## SECTION XVII: NO GUARANTEES

The client acknowledges that the attorneys have made NO GUARANTEES regarding the successful resolution of said cause of action, and all expressions relative thereto are matters of attorneys' opinion only and shall not be considered as express or implied warranties of the claim's outcome.

## SECTION XVIII: CONTRACT IS FULL AGREEMENT

This contract constitutes all the agreements between the parties and may not be amended except in writing and executed by all parties. This contract is for employment to provide the services described only. Any additional legal work will require a separate contract and payment of attorneys' fees.

## SECTION XIX: NOTICE TO CLIENTS

The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar Office of General Counsel will provide you with information about how to file a complaint. For more information, please call 1(800) 932-1900. This is a toll-free phone call.

## SECTION XX: VOLUNTARY CONTRACT

CLIENT HAS ASKED BUSH, LEWIS & ROEBUCK, P.C. TO REPRESENT CLIENT. TO CLIENT'S KNOWLEDGE NO ONE HAS RECEIVED ANY REWARD FOR RECOMMENDING SAID ATTORNEYS TO CLIENT. CLIENT HAS NOT BEEN PROMISED ANY SUPPORT OR REWARD BEFORE SIGNING THIS EMPLOYMENT AGREEMENT AND ASSIGNMENT.

Client has read (or has had read to client) and understands this agreement.

*Adrienne A. Casimire*
Client
Tel # (409) 985-7199

_____
Client
Tel # _____

The above employment is hereby accepted on the terms stated, and attorneys agree to make no charge for services (absent client misrepresentation of facts) unless there is a recovery in this matter. As previously stated, we also agree to make no settlement without the consent of the client.

By _____
Attorney

(X) Copy of Texas Lawyer's Creed ~~given to~~/mailed to client on ___8-26-99___

(X) Copy of contract mailed to client on ___8-26-99___

